UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────────────

JOSEPH SIMON,

                          Plaintiff,

          v.                                                9:19-CV-132
                                                               (GLS/DJS)

R. SUSICE and P. McGRATH,

                          Defendants.

─────────────────────────────────────────

APPEARANCES:                                OF COUNSEL:

JOSEPH SIMON
Plaintiff, *Pro Se*
94-A-1786
Cape Vincent Correctional Facility
Rte. 12E
PO Box 739
Cape Vincent, New York 13618

HON. LETITIA JAMES                          RICHARD C. WHITE, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

DANIEL J. STEWART
United States Magistrate Judge

### REPORT-RECOMMENDATION and ORDER

Plaintiff, an inmate in the custody of the New York State Department of

Corrections and Community Supervision ("DOCCS"), brings this *pro se* action pursuant

to 42 U.S.C. § 1983, alleging the violation of his constitutional rights.  Dkt. No. 1,

Compl.  Presently pending is Defendants' Motion for Summary Judgment in lieu of an answer seeking dismissal of Plaintiff's claims based on his failure to exhaust available administrative remedies.  Dkt. No. 17.  Plaintiff filed an opposition to the Motion.  Dkt. No. 21.  Defendants filed a Reply.  Dkt. No. 22.  For the reasons which follow, the Court recommends that the Motion for Summary Judgment be granted in part and denied in part.

## I. BACKGROUND

The Complaint alleges the violation of Plaintiff's rights on six specific dates: October 6, 10, & 16, 2018; December 21 & 23, 2018; and January 4, 2019.  Compl. at p. 4.[1]  It outlines a series of interactions between Plaintiff and Defendants which Plaintiff contends were the result of religious discrimination and retaliation.  *See generally id.* Following initial review of the Complaint under 28 U.S.C. §§ 1915(e) & 1915(A), District Court Judge Gary L. Sharpe found that the following three claims could proceed: (1) First Amendment religious exercise asserted against Defendants Susice and McGrath; (2) First Amendment retaliation asserted against Defendants Susice and McGrath; and (3) Section 1983 conspiracy to violate plaintiff's First Amendment rights asserted against Defendants Susice and McGrath.  Dkt. No. 7.

---

[1] Citations to the Complaint shall be made by reference to the page numbers generated by the Court's CM/ECF system.

## II. LEGAL STANDARD FOR SUMMARY JUDGMENT

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin,* 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc*., 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994); *see also Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).

### III. DISCUSSION

### A. The Grievance Process

The Prison Litigation Reform Act ("PLRA") provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. *Id.* at 524; *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (stating that the mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions to the requirement). Furthermore, § 1997e(a) requires "proper exhaustion," which means using all steps of the administrative process and complying with "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). The defendant bears the burden of proving that the administrative remedies available to the plaintiff were not exhausted prior to the initiation of a civil action. *Howard v. Goord*, 1999 WL 1288679, at *3 (E.D.N.Y. Dec. 28, 1999).

In New York, the administrative remedies consist of a three-step Inmate Grievance Program ("IGP"). First, a grievance is submitted to the Inmate Grievance Resolution Committee ("IGRC"), a committee comprised of both inmates and facility employees. N.Y. COMP. CODES R. & REGS. tit. 7, § 701.5(b). An inmate must submit a grievance "within 21 calendar days of the alleged occurrence." *Id.* at § 701.5(a). An inmate may request an extension of the time limit within forty-five days of the date of the alleged occurrence. *Id.* at § 701.6(g). The IGRC reviews and investigates the formal complaint and then issues a written determination. *Id.* at § 701.5(b). Second, upon appeal of the IGRC decision, the superintendent of the facility reviews the IGRC's determination and issues a decision. *Id.* at § 701.5(c). Finally, upon appeal of the superintendent's decision, the Central Office Review Committee ("CORC") makes the final administrative determination. *Id.* at § 701.5(d). Only upon exhaustion of all three levels of review may a prisoner seek relief in federal court. *Bridgeforth v. Bartlett*, 686 F. Supp. 2d 238, 239 (W.D.N.Y. 2010) (citing, *inter alia*, *Porter v. Nussle*, 534 U.S. at 524); *see also Neal v. Goord*, 267 F.3d 116, 121 (2d Cir. 2001), *overruled on other grounds by Porter v. Nussle*, 534 U.S. 516.

An expedited procedure exists for grievances regarding alleged harassment; this procedure also requires that the grievant receive a response from CORC in order to exhaust. 7 N.Y.C.R.R. § 701.8. Pursuant to this expedited procedure, the inmate may first report the incident to the employee's immediate supervisor. *Id.* at § 701.8(a). The

inmate's allegations are then given a grievance number and the superintendent (or his designee) must promptly decide whether the grievance, if true, would represent a bona fide case of harassment. *Id.* at §§ 701.8(b) & (c).

## B. Plaintiff's Attempts to Exhaust His Administrative Remedies

The parties agree that Plaintiff filed only three grievances related to the allegations in the Complaint. Dkt. No. 17-2 at ¶ 16; Dkt. No. 21 at pp. 9-10. The record establishes that the first grievance was informally resolved. Dkt. No. 17-3, Lamore Decl., Ex. A; Dkt. No. 21-2, Ex. A.[2] As to the second and third grievances, Defendants maintain that Plaintiff failed to fully exhaust the three-step DOCCS process and thus claims related to those grievances must be dismissed. Dkt. No. 17-1, Defs.' Mem. of Law at pp. 7-11.

### *1. Plaintiff's First Grievance*

Plaintiff filed Grievance 1 on October 19, 2018. Lamore Decl. at Ex. A. That grievance was informally resolved on October 24th. *Id.*; Pl.'s Ex. A. The exhaustion requirement is designed to permit prison officials to address inmate concerns before the commencement of litigation. *Jones v. Bock*, 549 U.S. 199, 204 (2007). Generally, an inmate must exhaust the entire DOCCS three-step process to exhaust a claim under the PLRA. *Seuffert v. Donovan*, 2016 WL 859815, at *4 (N.D.N.Y. Feb. 5, 2016), *report and recommendation adopted*, 2016 WL 796090 (N.D.N.Y. Feb. 26, 2016). In a case

---

[2] Docket No. 21-2 is a series of exhibits submitted by Plaintiff in opposition to the Motion. Citation herein to these exhibits will be in the form  - "Pl.'s Ex." - followed by the particular exhibit.

such as this, however, where a grievance is filed and then informally resolved to the inmate's satisfaction the purpose of the exhaustion requirement has been met and proceeding further with the DOCCS process would serve little purpose. That is why "[s]ince 2001, the Second Circuit has held that the favorable resolution of a grievance through informal channels satisfies the PLRA's exhaustion requirement." *Woodward v. Ali*, 2018 WL 4190139, at \*6 (N.D.N.Y. Aug. 10, 2018), *report and recommendation adopted*, 2018 WL 4188430 (N.D.N.Y. Aug. 31, 2018) (citing *Marvin v. Goord*, 255 F.3d 40, 43 n.3 (2d Cir. 2001)). Any claims related to Grievance 1, therefore, should be deemed exhausted.[3]

Defendants argue, in a footnote, that any allegation against Defendant Susice related to this grievance did not impose a substantial burden on Plaintiff's religious beliefs and thus is not actionable. Defs.' Mem. of Law at p. 10 n. 2. "Federal courts routinely decline to consider 'issues raised only in a footnote and in a perfunctory manner.'" *Wandering Dago Inc. v. New York State Office of Gen. Servs.*, 992 F. Supp. 2d 102, 134 (N.D.N.Y. 2014) (quoting *Insurance Co. of the State of Pennsylvania v. Johnson*, 2011 WL 1211595, \*13 (D. Vt. Feb. 7, 2011)) (citing cases). Parties are expected to fully brief issues they wish the Court to address. *Lawson v. Rubin*, 2018 WL 7958928, at \*1 (E.D.N.Y. June 11, 2018). Here, especially given that this is a Motion for Summary Judgment and Defendants offer no factual evidence regarding this

---

[3] Defendants do not contend to the contrary. *See* Defs.' Mem. of Law at p. 10 ("The only grievance that Plaintiff arguably fully exhausted is Grievance 1").

defense, the Court declines to consider the substantive argument raised in footnote two of Defendants' Memorandum of Law.  *Id.*; *Wandering Dago Inc. v. New York State Office of Gen. Servs.*, 992 F. Supp. 2d at 134.

Defendants are correct that Grievance 1, filed in October, "could not relate to the alleged incidents that occurred in December."  Defs.' Mem. of Law at p. 10. Accordingly, the Court recommends that the Motion for Summary Judgment on exhaustion grounds be denied with respect to Grievance 1, but that only claims in the Complaint regarding events predating that grievance proceed, namely Plaintiff's claims from October 2018.[4]

### 2. Plaintiff's Second and Third Grievances

"To the extent a civil rights claim must be exhausted by the grievance process, completion of the three-tiered process, through and including a final decision by the CORC, must be completed *before an action asserting that claim may be filed in court*." *Haywood v. Fuller*, 2019 WL 2442142, at \*3 (N.D.N.Y. June 12, 2019) (citing cases) (emphasis added).  As a result, "[r]eceiving a decision from CORC after filing a federal lawsuit does not satisfy the PLRA's requirement that administrative remedies be exhausted before filing suit." *Scott v. Uhler*, 2019 WL 5197139, at \*5 (N.D.N.Y. July 31, 2019), *report and recommendation adopted*, 2019 WL 4667495 (N.D.N.Y. Sept. 25,

---

[4] The precise nature of the remaining claims and whether they include Defendant McGrath in addition to Defendant Susice will need to be identified through discovery or further motion practice.

2019) (citing *Neal v. Goord*, 267 F.3d 116, 122-23 (2d Cir. 2001)); *see also Klein v. Fischer*, 2015 WL 5174031, at *19 (N.D.N.Y. Sept. 2, 2015).

The record in this case establishes that Plaintiff's second and third grievances were not fully exhausted through CORC prior to his filing of this action. Plaintiff filed this action on February 1, 2019. Compl. Grievance 2 was filed in December 2018. Lamore Decl. at ¶ 15 & Ex. B; Pl.'s Ex. D. The IGRC denied Plaintiff's grievance in January and he then appealed it to the facility Superintendent who denied the grievance on January 25, 2019. Lamore Decl. at ¶ 17 & Ex. B; Pl.'s Ex. D. Plaintiff then filed an appeal to CORC on January 30, 2019 and CORC received the appeal on February 7, 2019. Lamore Decl. at ¶ 18 & Ex. B; Dkt. No. 17-4, Seguin Decl. at ¶ 12 & Ex. A; Pl.'s Ex. F. Plaintiff, therefore, appealed to CORC just two days before filing this action. Because Plaintiff had not received a decision from CORC at the time he filed this action he failed to fully exhaust his administrative remedies with regard to the issues raised in that grievance before commencing this action.[5]

The same deficiency exists with respect to Grievance 3. That grievance was filed by Plaintiff on January 14, 2019. Lamore Decl. at ¶ 20 & Ex. C; Pl.'s Ex. H. The grievance was classified as a harassment grievance and forwarded directly to the Superintendent who denied the grievance on February 4, 2019, after Plaintiff had

---

[5] The action was filed even before CORC had received the grievance appeal and the Court notes that DOCCS procedures give CORC thirty days from receipt in which to issue a decision. 7 N.Y.C.R.R. § 701.5(d)(3)(ii).

already commenced this lawsuit. *Id.* As to this grievance, then, Plaintiff also failed to exhaust his administrative remedies with DOCCS before filing this action and his claims concerning Grievance 3 are unexhausted.[6]

### *3. Whether Plaintiff's Failure to Exhaust Administrative Remedies May be Excused*

A prisoner's failure to exhaust administrative remedies may nonetheless be excused if remedies were unavailable to the inmate. *Ross v. Blake*, 136 S. Ct. at 1858. As the Supreme Court stated in *Ross*, "[a]n inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." *Id.* The Court provided three potential circumstances in which administrative remedies may be unavailable: (1) where the administrative procedure technically exists but operates as a "dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) where the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use"; and (3) where prison administrators "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60.

Plaintiff argues in a rather conclusory fashion that administrative remedies were unavailable to him, but his arguments are no basis for denying summary judgment.

---

[6] Defendants contend that following denial of the grievance at the facility level Plaintiff filed no appeal of Grievance 3 to CORC. Seguin Decl. at ¶¶ 17-18. Plaintiff contends that he did file an appeal and that DOCCS personnel somehow interfered with it. Dkt. No. 21 at pp. 8-9. This is not a material dispute of fact on this motion because even accepting Plaintiff's contention as true an appeal would have been filed after this action was commenced and thus the grievance was not fully exhausted prior to filing the lawsuit.

Plaintiff argues that CORC routinely fails to provide appeals decisions within the thirty days provided for under DOCCS procedures and "therefore no realistic remedy would have been forthcoming from DOCCS." Dkt. No. 21 at p. 6. This argument is unavailing. Some courts have recognized that the failure of CORC to issue a decision within 30 days does not *per se* render the grievance process unavailable within the meaning of *Ross*. *See*, *e.g.*, *Scott v. Uhler*, 2019 WL 4667495, at *2-3 (N.D.N.Y. Sept. 25, 2019); *but see Sherwood v. Senecal*, 2019 WL 5197606, at *6 (N.D.N.Y. May 20, 2019), *report and recommendation adopted*, 2019 WL 4564881 (N.D.N.Y. Sept. 20, 2019) (recognizing that courts have "split regarding whether a failure by CORC to timely respond to an appeal constitutes unavailability excusing a failure to exhaust."). More importantly, as a factual matter, Plaintiff made no effort to see if CORC would timely respond. Plaintiff filed this action only days after requesting that Grievance 2 be appealed to CORC. Seguin Decl. at ¶ 13 & Ex. A. This action was, in fact, filed even before CORC received Plaintiff's appeal. *Id.* Similarly, this lawsuit was commenced even before the facility Superintendent, let alone CORC, had decided Grievance 3. Lamore Decl. at ¶ 20. Plaintiff can make no argument that delay on the part of CORC rendered the grievance procedure unavailable to him.

Plaintiff's other argument that the grievance process was unavailable to him asserts that it could provide him no relief. Dkt. No. 21-1 at pp. 11-13. This is a rather conclusory assertion given that Grievance 2 and Grievance 3 both requested specific

relief in the form of an end to what Plaintiff considered harassing behavior. Lamore Decl. at Exs. B & C. It also appears inconsistent with having a prior grievance resolved to Plaintiff's satisfaction. Without more, Plaintiff's conclusory assertion that the grievance process, of which he repeatedly availed himself, was actually unavailable because it could not provide him relief, is not sufficient to defeat the pending Motion.[7]

Therefore, because Plaintiff commenced this action before he had fully exhausted Grievances 2 and 3 and has not shown the grievance process was unavailable, the Court recommends that the Motion for Summary Judgment be granted as to the claims in the Complaint related to those grievances. *White v. Uhler*, 2017 WL 9511097, at \*8 (N.D.N.Y. May 4, 2017), *report and recommendation adopted*, 2017 WL 3278907 (N.D.N.Y. Aug. 2, 2017).

## IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendant's Motion for Summary Judgment (Dkt. No. 17) be **GRANTED as to all claims arising after Plaintiff's October 19, 2018 grievance and DENIED as to claims related to Plaintiff's October 19, 2018 grievance** as set forth above; and it is

---

[7] To the extent Plaintiff attempts to claim that DOCCS officials may have thwarted attempts to file a grievance appeal, *see* Dkt. No. 21 at p. 9, any such appeal would have been filed after the commencement of the action and would not have satisfied the exhaustion requirement. *See* Note 6 *supra*.

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  December 3, 2019
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

14