# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

_____

**JOSEPH SIMON,**

                        **Plaintiff,**

                    v.

**R. SUSICE et al.,**

                        **Defendants.**

                        **9:19-cv-132
                        (GLS/DJS)**

_____

## ORDER

On December 3, 2019, Magistrate Judge Daniel J. Stewart issued a Report-Recommendation and Order (R&R), which recommends that defendants R. Susice's and P. McGrath's motion for summary judgment in lieu of answer be denied with respect to all allegations related to plaintiff *pro se* Joseph Simon's October 19, 2018 grievance, and granted as to all allegations related to Simon's December 22, 2018 and January 13, 2019 grievances. (Dkt. No. 23.) Pending before the court are defendants' objections to the R&R. (Dkt. No. 24.)

Defendants argue that Simon's exhaustion of his October 19, 2018 grievance has no bearing on Simon's claims in this action, and that McGrath should be dismissed because he is not named in the

October 19, 2018 grievance. (Dkt. No. 24 at 3-5.) These gripes only trigger review for clear error because they reiterate previous arguments made by defendants in their motion for summary judgment, and are, therefore, general objections. (Dkt. No. 17, Attach. 1 at 10); *see Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at *4-5 (N.D.N.Y. Jan. 18, 2006). After reviewing the R&R, there is no apparent, let alone clear, error in Judge Stewart's analysis of such arguments. (Dkt. No. 23 at 7-9.) And, although not necessary, the court additionally notes that the Second Circuit has previously considered the Inmate Grievance Program and held it does not require a prisoner's grievance to name the responsible party or identify relevant legal theories. *See Espinal v. Goord*, 558 F.3d 119, 124, 127-28 (2d Cir. 2009). Accordingly, the court adopts the R&R in its entirety.

Lastly, it appears that there is some confusion as to what claims and defendants remain in the action. (Dkt. No. 24 at 4.) To be clear, the following three claims remain: (1) First Amendment religious exercise asserted against Susice and McGrath; (2) First Amendment retaliation asserted against Susice and McGrath; and (3) conspiracy to violate Simon's First Amendment rights pursuant to 42 U.S.C. § 1983 asserted

2

against Susice and McGrath.

Accordingly, it is hereby

**ORDERED** that the Report-Recommendation and Order (Dkt. No. 23) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion for summary judgment in lieu of answer (Dkt. No. 17) is **GRANTED IN PART** and **DENIED IN PART** as follows:

**DENIED** with respect to allegations related to Simon's October 19, 2018 grievance; and

**GRANTED** in all other respects; and it is further

**ORDERED** that the remaining claims are: (1) First Amendment religious exercise claim; (2) First Amendment retaliation claim; and (3) conspiracy to violate Simon's First Amendment rights pursuant to 42 U.S.C. § 1983; and it is further

**ORDERED** that defendants shall respond to the complaint within the time allotted by the rules; and it is further

**ORDERED** that the Clerk provide a copy of this Order to the parties.
**IT IS SO ORDERED.**

January 15, 2020
Albany, New York

_____
Gary L. Sharpe
U.S. District Judge